IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HIRANI ENGINEERING AND LAND :
SURVEYING, :
 :
       Plaintiff, :
 :
    v. : Civil Action No. 09-252-RGA
 :
MEHAR INVESTMENT GROUP LLC, :
et al., :
 :
       Defendants. :

## MEMORANDUM OPINION

Kevin S. Mann, Esq., Cross & Simon, LLC, Wilmington, Delaware, Attorney for Plaintiff.

Timothy Jay Houseal, Esq., Young Conaway Stargatt & Taylor, LLP, Wilmington, Delaware, Attorney for Defendants.

March 19, 2012
Wilmington, Delaware

*[signature]* 
ANDREWS, U.S. DISTRICT JUDGE:

This is an insurance coverage case. Third-party Plaintiff MIG Environmental has sued Indian Harbor Insurance Company and XL Specialty Insurance Company. MIG's complaint seeks a declaratory judgment that the insurance companies have a duty to indemnify and defend MIG in Hirani Engineering's underlying suit against MIG. The duties are said to arise from an insurance policy MIG had with the insurance companies.

The insurance companies have filed a motion to dismiss for failure to state a claim.

The relevant law, which is not disputed by the litigants, is as set forth by the Delaware Supreme Court:

> "In construing an insurer's duty to indemnify and/or defend a claim asserted against its insured, a court typically looks to the allegations of the complaint to decide whether the third party's action against the insured states a claim covered by the policy, thereby triggering the duty to defend." The test is whether the underlying complaint, read as a whole, alleges a risk within the coverage of the policy. Determining whether an insurer is bound to defend an action against its insured requires adherence to the following principles: (1) where there is some doubt as to whether the complaint against the insured alleges a risk insured against, that doubt should be resolved in favor of the insured; (2) any ambiguity in the pleadings should be resolved against the carrier; and (3) if even one count or theory alleged in the complaint lies within the policy coverage, the duty to defend arises.

*Pac. Ins. Co. v. Liberty Mut. Ins. Co.*, 956 A.2d 1246, 1254-55 (Del. 2008)(footnotes omitted).

Thus, the Court looks to the underlying complaint. In it Hirani alleges three counts, one of breach of contract, one of negligence, and one of professional malpractice, against MIG and a professional engineer contracting with MIG. The complaint alleges that Hirani was to perform (pursuant to one or more governmental contracts) "environmental remediation work" at a Delaware site. Hirani hired MIG to "to perform a certain portion of Hirani's work . . ., including the design and preparation of drawings for certain piping and related mechanical work." MIG "prepared plans, specifications and related design information." The plans, drawings, and

specifications were alleged to be defective, and to have caused damages to Hirani in excess of $350,000.

Whether there was a duty to indemnify and defend depends upon the insurance contract – which is summarized as the "Pollution Protection Package Policy" – between MIG and Indian Harbor Insurance Co.[1] The parties agree that the critical provision of the insurance contract is "Coverage D. Professional Liability." Under that coverage, MIG was insured for claims relating to acts, errors or omissions in "Professional Services." The contract further defines "Professional Services" to mean "the performance of those activities as stated in the Declarations." The only relevant Declaration is "Endorsement #001," which states that it "modifies insurance provided under the . . . POLLUTION PROTECTION PACKAGE." "This Policy applies to a 'claim' based upon or arising out of the following 'Professional Services' or 'Contracting Services' only: Professional Services: Phase I/III; Lead studies/consulting services. Contracting Services: Collect soil/water samples via a geoprobe." Were there no limitations on the term "Professional Services," it would appear that the work of a professional engineer or environmental engineer would fall within the ordinary understanding of the term. Since the contract narrowed the definition of "Professional Services," it is necessary to consider what the contract covered with the more limited definition. MIG focuses on "consulting services,"[2] noting that it is a pretty broad term. The Court does not think that it is broad enough to cover what MIG was alleged to have been doing. In interpreting "consulting services," the Court has to

---

[1] The Defendants state that XL Specialty Insurance Company had no contract with MIG, and should therefore be dismissed. MIG does not respond to this argument. The only insurance contract provided with the complaint was between MIG and Indian Harbor.

[2] There is no claim in MIG's brief that the "Phase I/III" language has any relevance to the extent of coverage.

look at the entire phrase, which is "Lead studies/consulting services." The Court thinks that this phrase means studies or[3] consulting services relating to lead. There is no allegation that lead is in any way involved in this matter. It would not make much sense to construe "consulting services" as a standalone term, with the broad meaning suggested by MIG, since it is hard to imagine when a "lead study" would not then be encompassed within "consulting services."

MIG also argues that the Complaint says the "the design and preparation of drawings for certain piping and related mechanical work" was only part of the work that MIG was hired to do, and that the Court should infer that some of the undescribed work might be covered by the insurance contract. There are two problems with this argument. First, it is not a fair reading of the complaint to make any inference about what the undescribed work might be. To do so would be to guess. Second, whatever the undescribed work is, it is not the basis of the complaint, and therefore there is no duty to indemnify or defend in relation to it.

Thus, the Defendants' Motion to Dismiss Third-Party Complaint for Declaratory Judgment (D.I. 42) will be granted.

---

[3] The Court interprets the "/" as meaning "or." This is how the "/" is used in the subsequent phrase "soil/water samples." "Lead studies" and "lead consulting services" are not redundant concepts, and thus it would not violate ordinary contract interpretation principles to so interpret the "/".